IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOHN BEARD, | ) |
| Petitioner, | ) |
| v. | ) No. 14-3103 |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Respondent United States of America's Motion to Dismiss (d/e 4) Petitioner John Beard's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1). Because the Petition is untimely, the Motion to Dismiss is GRANTED.

**I. BACKGROUND**

In October 2002, Petitioner was charged in a superseding indictment with (1) possession of 500 or more grams of a substance or mixture containing cocaine with intent to distribute, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 1); (2)

possession of five or more grams of a mixture or substance containing cocaine base ("crack") with intent to distribute, in violation of 18 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count 2); and (3) knowingly carrying a firearm during and in relation to a federal drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count 3). See United States v. Beard, No. 02-30040 (C.D. Ill.) at d/e 18. In November 2002, a jury found Petitioner guilty of all three counts. Id. at d/e 56; see also Minute Entry of November 27, 2002. In May 2003, the Court sentenced Petitioner to 248 months' imprisonment, consisting of 188 months on each of Counts 1 and 2 to run concurrently and 60 months on Count 3 to run consecutively to Counts 1 and 2. Id. at d/3 69; see also Minute Entry of May 23, 2003.

Petitioner appealed, and the Seventh Circuit affirmed the conviction and sentence. United States v. Beard, 354 F.3d 691 (7th Cir. 2004). The United States Supreme Court denied certiorari on June 14, 2004. Beard v. United States, 542 U.S. 915 (2004).

In May 2005, Petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal

Custody. See Beard v. United States, Case No. 05-3113 (C.D. Ill.) at d/e 1. Petitioner asserted that (1) his counsel was ineffective, (2) his sentence was based on the false testimony of Homer Harris concerning the quantity of drugs for which Petitioner should be held accountable, and (3) his rights to due process and trial by jury were violated. Id. In October 2005, the Court, United States District Judge Jeanne E. Scott, denied Petitioner relief on Claims 1 and 3 but ordered an evidentiary hearing on Claim 2 to consider whether Petitioner's sentence was based on false testimony. Id. at d/e 8, pp. 2-3.

Following the evidentiary hearing, that Court found Homer Harris credible but believed that Harris was confused about some of the transactions, which resulted in a higher drug quantity attributed to Petitioner. See Tr. of February 28, 2006 proceedings, pp. 108-112 (d/e 13). The Court granted the petition in part, finding that while the judgment of conviction on each of the three counts was not subject to collateral attack, the sentence imposed was subject to collateral attack because the sentence was based on an overstated quantity of drugs. See Minute Entry of February 28, 2006.

A new Presentence Investigation Report (PSR) was prepared, omitting the drug amounts the Court had previously found were overstated. See Case No. 05-3113, Tr. at 112 (d/e 13) (ordering preparation of PSR omitting paragraph 22); Case No. 02-30040, PSR (d/e 116). At the May 25, 2006 resentencing hearing, Petitioner objected to the paragraphs of the PSR which held him accountable for 2,765.45 grams of cocaine as relevant conduct (down from the 8,889.05 grams attributed to Petitioner in the original PSR). Compare May 6, 2003 PSR (d/e 71) with April 4, 2006 PSR (d/e 116).

The Court overruled the objections and adopted the PSR's findings. See Case No. 02-30040, Tr. at 79-80 (d/e 117); Sentencing Opinion at 2 (d/e 108). The Court found that Harris was credible with respect to the amounts set forth in the PSR. The Court also found that the Government established the drug amounts by a preponderance of the evidence. See Opinion at 2 (d/e 108). The Court resentenced Petitioner to 248 months' imprisonment (the same sentence originally imposed) consisting of 188 months' imprisonment on each of Counts 1 and 2, to run

concurrently, and 60 months' imprisonment on Count 3 to run consecutively to Counts 1 and 2. Id. at 3.

Petitioner appealed, arguing that Harris was not a credible source. United State v. Beard, 219 F. App'x 536 (7th Cir. 2007). On March 13, 2007, the Seventh Circuit affirmed, finding it was within the district court's discretion to find Harris credible. Id. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

On July 16, 2008, Petitioner filed an Amended Motion For Retroactive Application of the Sentencing Guidelines to Crack Cocaine Offense. See Case No. 02-30040 at d/e 137. On October 20, 2008, the Court granted the Motion and reduced Petitioner's sentence to a total of 211 months' imprisonment, consisting of 151 months' imprisonment on Counts 1 and 2 to run concurrently to each other and 60 months' imprisonment on Count 3 to run consecutively to Counts 1 and 2. Id. at d/e 141.

In September 2011, Petitioner filed a second Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense. Id. at d/e 143. In March 2012, this Court denied the

Motion because Amendment 750 did not result in a lower sentencing range for Petitioner. Id. at d/e 148.

In November 2012, Petitioner sought permission from the Seventh Circuit to file a second or successive motion under 28 U.S.C. § 2255. The Seventh Circuit dismissed the request, stating that Petitioner did not have to seek authorization to file a successive collateral attack under § 2255 because his first § 2255 motion was partially successfully and resulted in a new judgment. United States v. Beard, Case No. 12-3530 (7th Cir. Nov. 13, 2012) (available in Case No. 02-30040 at d/e 158).

On July 29, 2013, Petitioner filed a pro se letter in which he asked that counsel be appointed to litigate issues raised by the United States Supreme Court's decision in Alleyne v. United States, 133 S. Ct. 2151 (2013) (holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury"). Case No. 02-30040 at d/e 160. On October 10, 2013, this Court denied Petitioner's request but granted Petitioner "leave" to file a motion under § 2255. Id. at d/e 164. The Court directed the Clerk of the Court to send Petitioner

the "Standard 28:2255 Motion to Vacate, Set Aside, or Correct a Sentence Packet." Id.

Approximately six months later, on April 8, 2014, Petitioner filed the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody at issue herein.[1] Petitioner argues that his due process rights under the Fifth Amendment were violated when the Court resentenced Petitioner based on the unreliable testimony of Homer Harris. Petitioner did not raise a claim related to Alleyne v. United States, 133 S. Ct. 2151. On June 2, 2014, the United States filed a Motion to Dismiss (d/e 4) the Petition as untimely.

## II. ANALYSIS

The United States argues the Petition should be dismissed because the Petition is untimely and the law of the case precludes the § 2255 motion. Because the Court finds the Petition is

---

[1] Petitioner included a certificate of service indicating that he placed the petition in the prison mail on "March 2014" but does not include a specific date or indicate that first-class postage was prepaid. See Rule 3(d) of the Rules Governing Section 2255 Proceedings for the United States District Courts (providing that a paper filed by an inmate is timely filed if deposited in the prison's internal mailing system on or before the last day of filing and the inmate complies with the declaration requirements, sets forth the date of deposit, and states that first-class postage has been prepaid). The envelope is postmarked April 4, 2014. The Petition was docketed by the Clerk's Office on April 8, 2014.

untimely, the Court does not address the Government's law-of-the-case argument.

A one-year period of limitation applies to § 2255 petitions. 28 U.S.C. § 2255(f). The one-year period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner does not assert that subsections (2) or (3) apply. Therefore, the Court will only address subsections (1) and (4): whether the limitation period ran within one year of either the date on which the judgment of conviction became

final or the date on which the facts supporting the claim could have been discovered through the exercise of due diligence.

Under subsection (1), the one-year period of limitation begins to run when the judgment of conviction becomes final. 28 U.S.C. § 2255(f)(1). When a petitioner unsuccessfully appeals his conviction and sentence and does not petition for writ of certiorari, the judgment of conviction becomes final for purposes of the § 2255 one-year limitation period when the time expires for filing a petition for certiorari. Clay v. United States, 537 U.S. 522, 524-25 (2003).

In this case, the amended judgment on resentencing was docketed on June 2, 2006. On March 13, 2007, the Seventh Circuit issued its opinion affirming Petitioner's sentence. United States v. Beard, 219 F. App'x 536 (7th Cir. 2007). Petitioner did not petition for a writ of certiorari from the United States Supreme Court. Because Petitioner had 90 days to seek certiorari review, his conviction became final on June 11, 2007, (90 days after March 13, 2007. See Supreme Court Rule 13.1. Petitioner did not file his § 2255 Petition until April 2014. Therefore, the Petition is untimely under subsection (1) of § 2255(f).

Petitioner argues that the facts underlying his claims could not have been discovered through the exercise of due diligence by the time his conviction was final. See Response (d/e 5), referring to 28 U.S.C. § 2255(f)(4) (providing that the one year period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). But that is the extent of Petitioner's argument. Petitioner does not identify the facts that could not have been discovered earlier, when the facts were finally discovered, or what efforts Petitioner made to discover those facts. See, e.g. Diggs v. United States, No. 13 C 9237, 2014 WL 1647018 at *3 (N.D. Ill. 2014) (finding no reason to allow the petitioner to circumvent the one-year period of limitation set forth in § 2255(f)(1) where the petitioner did not identify the facts he referred to, when he actually discovered those facts, or why he was not able to timely identify those facts).

In his Motion for Appointment of Counsel and Affidavit of Support (d/e 2), Petitioner stated that he determined the Court committed an error "as I now have learn[ed] through reading all of my sentencing hearings and other records." Petitioner does not

indicate when he received the sentencing transcript and other records. Moreover, Petitioner was at the sentencing hearings and would have been aware of what occurred at those hearings. Therefore, subsection (4) of § 2255(f) does not provide the date for calculating the one-year period of limitation.

Petitioner also argues that equitable tolling should apply. The one-year period of limitation for § 2255 cases is subject to equitable tolling. United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (also noting that "equitable tolling is granted sparingly"). Equitable tolling is limited to those cases that involve "[e]xtraordinary circumstances far beyond the litigant's control" that prevented timely filing of the § 2255 petition. Id. Moreover, the petitioner must have been pursuing his rights diligently. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner argues that equitable tolling should apply because he was diligently seeking the assistance of an attorney or pro se legal aid. However, a petitioner's lack of legal expertise and counsel during the applicable period does not constitute extraordinary circumstances warranting equitable tolling. See, e.g., Tucker v. Kington, 538 F.3d 732, 735 (7th Cir. 2008) ("standing alone, lack of

legal expertise is not a basis for invoking equitable tolling"); Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling").

Petitioner also asserts that he has actively pursued his judicial remedies by writing a letter to the Court in July 2013 regarding the recent Supreme Court case of Alleyne, filing his § 2255 petition on "March 4, 2014", and writing to his former attorney in February 2014. Even if such efforts constituted diligence, Petitioner provides no evidence of diligence between June 11, 2007—the date his conviction became final—and July 2013 when he first contacted the Court. See Guereca v. United States, No. 09 C 4927, 2009 WL 5218075, at * 3 (N.D. Ill. Dec. 30, 2009) (the petitioner was not entitled to equitable tolling because he did not show he was pursuing his rights diligently during the 13 years that elapsed between the date his conviction became final and the date he filed his current § 2255 petition; even excluding the time periods when he was pursuing other motions, he made no showing he was pursuing his rights during the remaining five years). Consequently, Petitioner is not entitled to equitable tolling.

Petitioner did not file his § 2255 Petition within one year of the date the conviction became final or the date on which the facts supporting the claim could have been discovered through the exercise of due diligence. Moreover, equitable tolling does not apply. Therefore, Petitioner's § 2255 Petition is time-barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings For the United States District Courts, this Court declines to issue a Certificate of Appealability. Reasonable jurists would not dispute that the action is barred by the applicable period of limitation. See 28 U.S.C. § 2253(c)(2).

### IV. CONCLUSION

For the reasons stated, the United States of America's Motion to Dismiss the Petitioner's Motion Pursuant to 28 U.S.C. § 2255 (d/e 4) is GRANTED and Petitioner's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (d/e 1) is DISMISSED. CASE CLOSED.

ENTER: October 28, 2014

FOR THE COURT:

                        <u>s/Sue E. Myerscough</u>
                      SUE E. MYERSCOUGH
                      UNITED STATES DISTRICT JUDGE